UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEBOJSA BULOVIC,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:22-cv-3109-TNM-ZMF |

## MEMORANDUM OPINION

The Acting Commissioner of Social Security determined that Nebojsa Bulovic was not entitled to Social Security benefits. Bulovic disagrees. So he brought this suit, pro se, to challenge the Commissioner's decision. He moved for a judgment of reversal, and the Commissioner moved for a judgment of affirmance. Magistrate Judge Zia M. Faruqui thoroughly evaluated these motions and recommends resolving them in favor of the Commissioner. For the reasons stated below, the Court will adopt the Report and Recommendation (R&R) in full.

### I.

The R&R comprehensively describes the background of this case. *See* R&R at 2–7,[1] ECF No. 20. To sum up, Bulovic challenges the Commissioner's disability determination. In the early 2000s, Bulovic worked as a line cook and kitchen manager. *See* Certified Administrative Record (AR) at 55, ECF No. 11. Then in 2011 and 2012, Bulovic received emergency medical treatment for "drinking an unquantifiable amount of vodka daily." AR 221.

---

[1] The Court's page references correspond to the pagination generated by CM/ECF.

His heavy drinking led to "diagnoses of acute and chronic alcohol abuse with jaundice and alcoholic hepatitis, as well as acute kidney injury, pneumonia, hepatic encephalopathy, coagulopathy, and end-stage liver disease." R&R at 3 (citing AR 189).

Then Bulovic stopped drinking. AR 341. Unsurprisingly, his health improved. AR 55. But certain ailments lingered. For instance: he has pain in his back, knees, and right ankle, AR 39, 41–42; he gets "dizzy with personal care," AR 52; he stays in bed "95% of the time," *id.*; and he uses a wheelchair to get around (although one evaluating physician has "no clue" why), *id.*

In 2013, Bulovic applied for a Period of Disability and Disability Insurance Benefits under sections 216(i) and 223(a) of the Social Security Act. AR 472. But an Administrative Law Judge (ALJ) denied his application because he was "not disabled" within the meaning of these provisions. AR 385. The ALJ's analysis tracked the Social Security Administration's "five-step sequential evaluation process for determining whether an individual is disabled." AR 377.

First, the ALJ found that Bulovic did not engage in substantial gainful activity during the insured period. AR 379. Then the ALJ found that Bulovic had the following severe impairments: "chronic liver disease and cirrhosis; spine disorders; and bilateral knee osteoarthritis." *Id.* But she also found that he "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." *Id.* And even though Bulovic lacked the residual functional capacity to perform relevant past work, the ALJ concluded that there were many jobs in the national economy that Bulovic could have performed. AR 383–84. Based on this analysis, the ALJ determined that Bulovic did not qualify as a "disabled" individual for the purpose of receiving benefits under the Social Security Act. AR 385; *see also* 42 U.S.C. § 423(a)(1); 20 C.F.R. § 416.920(a)(4).

After the Appeals Council denied Bulovic's request for administrative review, AR 1–5, he sued in this Court, Compl., ECF No. 1. Then he filed a motion for judgment of reversal. *See* Mot. for Judgment of Reversal, ECF No. 15. And the Commissioner filed a motion for judgment of affirmance. *See* Mot. for Judgment of Affirmance, ECF No. 16. The Magistrate Judge evaluated these motions in an R&R, which generously construed Bulovic's arguments and rejected them all. Specifically, the Magistrate Judge found that: (1) the ALJ adequately considered all the record evidence; (2) the ALJ properly weighed a vocational expert's testimony on workplace absences; and (3) the ALJ correctly projected Bulovic's ability to work despite the nature of his ailments. *See* R&R at 8–13.

Bulovic timely filed objections to the R&R. *See* Pl.'s Objs., ECF No. 21. Then the Commissioner responded. *See* Def.'s Responses, ECF No. 22. For the reasons stated below, the Court will adopt the R&R in its entirety.

## II.

Parties may object to a magistrate judge's R&R within 14 days. *See* LCvR 72.2(b). And when any party timely lodges objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The Court will uphold the Commissioner's determination if it is "supported by substantial evidence and is not tainted by an error of law." *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987). And "substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support the [Commissioner's] conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (cleaned up).

Because Bulovic proceeds pro se, the Court holds his filings to a "less stringent standard[] than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). That said, Bulovic's objections are barely comprehensible. And in a situation like this, the Court cannot be expected "to decide what [objections he] may or may not want to assert." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

## III.

Liberally construed, Bulovic appears to object to the R&R on three grounds. None persuade. And if he intended to raise other objections, they are too inchoate to warrant a response. *Cf. Jones v. Kirchner*, 835 F.3d 74, 83 (D.C. Cir. 2016) ("We apply forfeiture to unarticulated legal and evidentiary theories not only because judges are not like pigs, hunting for truffles buried in briefs or the record, but also because such a rule ensures fairness to both parties." (cleaned up)).

*First*, Bulovic contends the Magistrate Judge wrongly rejected his argument that the ALJ overlooked relevant evidence. *See* Pl.'s Objs. at 1–3. The R&R mentions that "all but one" of the "examinations and recommendations" cited by Bulovic post-date his "date last insured." R&R at 10. Now Bulovic lists several treatments that fall within the relevant date range. Pl.'s Objs. 2–3. But the Commissioner's disability determination must be grounded in only "substantial evidence," not *every* piece of evidence. *Smith*, 826 F.2d at 1121. This means an "ALJ must consider all probative evidence," but "there is 'no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision.'" *Bryant v. Saul*, 2019 WL 6619760, at *8 (D.D.C. Nov. 18, 2019) (cleaned up), *R&R adopted*, 2019 WL 6617757 (D.D.C. Dec. 5, 2019).

While the ALJ here may not have cited every imaging study Bulovic now identifies, she cited other studies reflecting similar findings. *See* AR 380–83. And she largely based her residual functioning capacity conclusion on the testimony of Dr. Steven A. Golub, who reviewed Bulovic's entire medical record before offering his opinion. *See* AR 382, 403–04. So the ALJ adequately considered all the record evidence.

*Second*, Bulovic asserts that some of his impairments equaled the requirements of listings 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root) or 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equina). *See* Pl.'s Objs. at 2–3. But Bulovic forfeited this argument by raising it for the first time in his reply brief before the Magistrate Judge. *See* Pl.'s Reply in Supp. of Mot. for Judgment of Reversal at 2–3, ECF No. 18; *Rollins Env't Servs. (NJ) Inc. v. EPA*, 937 F.2d 649, 652 n.2 (D.C. Cir. 1991) ("Issues may not be raised for the first time in a reply brief.").

In any event, an impairment only "matches a listing" if it "meet[s] *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Yet Bulovic has identified no record evidence confirming that he personally experienced the specific symptoms required by listings 1.15 or 1.16. *See* Pl.'s Objs; 20 C.F.R. Part 404, Subpart P, App'x 1 §§ 1.15(A), (B), 1.16(B). So substantial evidence supports the ALJ's findings on impairment equivalence. *See* AR 379–80.

*Third*, Bulovic argues the ALJ failed "to give proper weight to" a 2015 treatment note written by Dr. Dragana Bulović (similar name, different person). Pl.'s Objs. at 4. The ALJ, however, considered a nearly identical 2016 treatment note and explained why it was entitled to "minimal weight." AR 382; *cf. Lately v. Colvin*, 560 F. App'x 751, 754 (10th Cir. 2014) ("[T]he error here was harmless because we can tell from the rejection of Dr. Magnuson's nearly

identical opinion that that ALJ gave no weight to Dr. Rojas's opinion."). More, the 2015 note merely stated that Bulovic was "prohibited from carrying larger loads, prolonged standing and sitting." AR 340. That assessment resonates with the ALJ's light-work limitation for Bulovic. AR 382. So the ALJ's failure to cite the 2015 note had no affect on the outcome. *See Davis v. Berryhill*, 272 F. Supp. 3d 154, 180 (D.D.C. 2017).

**IV.**

For these reasons, the Court adopts the R&R in full and incorporates it by reference. A corresponding Order shall issue today.

Dated: November 27, 2023                                       TREVOR N. McFADDEN, U.S.D.J.